IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HENRY LEE SPATES, JR.,** | ) | |
| ID #597479 | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:09-CV-2356-G (BH) |
| | ) | ECF |
| **RICK THALER, Director,** | ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a time credit forfeiture. The respondent is Rick Thaler, Director of TDCJ-CID.

On August 7, 1991, petitioner was convicted of delivery of cocaine in Cause No. 593634 in the 184th District Court in Harris County, and he was sentenced to fifteen years. (Petition (Pet.) at 2). He did not appeal this conviction. On January 19, 2001, the state revoked petitioner's parole. (Pet. at 5). Upon readmission to TDCJ-CID, his out-of-custody time was forfeited. (*Id.* at 11).

On January 28, 2007, petitioner filed his first state writ asserting that his due process rights were violated by the forfeiture of his out-of-custody time; the writ was dismissed by the Texas Court of Criminal Appeals on July 11, 2007, pursuant to 501.008(b) of the Texas Government Code, which

1

requires that any time credit dispute be administratively exhausted through the time credit dispute process. (*See* Pet. at 3-4, www.cca.courts.state.tx.us, Case #WR-67,581-01; *see also* TEX. GOV'T CODE ANN. § 501.0081(b) (Vernon 2004)).  On August 27, 2007, petitioner filed a second state writ again raising the same issue, and it was denied on its merits by the Court of Criminal Appeals on August 13, 2008. (*See* Pet. at 4, www.cca.courts.state.tx.us, Case #WR-67,581-2).  On August 13, 2009, petitioner filed a third state writ that was dismissed by the Court of Criminal Appeals as a subsequent writ on November 18, 2009. (*See* Pet. at 10, www.cca.courts.state.tx.us, Case #WR-67,581-3, *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (Vernon 2001)).

Petitioner filed his federal petition raising the same time credit issue on December 9, 2009. (Pet. at 9).  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes

a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

In this case, petitioner is contesting the forfeiture of out-of-custody time when his parole was revoked on January 19, 2001. Petitioner acknowledges in a memorandum he has attached to his petition that he became aware that his street time had been forfeited at the time that his parole was revoked. (Pet. at 11). Therefore, with regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known to petitioner on January 19, 2001, when his parole was revoked. Because petitioner filed his federal petitioner more than a year after this date, a literal application of § 2244(d)(1) renders his December 9, 2009 filing untimely.[1]

A. **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State

---

[1] Petitioner has included as an exhibit an affidavit from Charley Valdez, a program specialist for the Classification and Records Division of the TDCJ. This affidavit states that petitioner was released again on February 19, 2004, but returned to custody on December 12, 2006, based on a new conviction and a violation of mandatory supervision. (Pet., Ex. 2). Petitioner does not reference this revocation in his petition or allege any constitutional violation relating to it. It is therefore not relevant to the determination of whether petitioner's federal petition is timely.

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during any period in which a properly filed state habeas application was pending before the Texas state courts. *See also*, *Henderson* v. *Johnson*, 1 F.Supp.2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application). Petitioner did not file any state habeas application until 2007, well after the one-year statute of limitations had elapsed. Therefore, petitioner is not entitled to any tolling under this statute.

## B. Equitable Tolling

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The federal courts may equitably toll the limitations period of 28 U.S.C. § 2244(d)(1) in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). Nevertheless, a petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief." *Coleman*, 184 F.3d at 403. "[S]uch tolling is available only when the petitioner meets the high

4

hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998). Petitioner has the burden to show that he is entitled to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine whether there are sufficient exceptional circumstances present that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that, when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

In this case, petitioner knew or should have know the facts supporting his claim in January of 2001. Petitioner has alleged no reason why he waited several years before filing a state writ application and a federal petition. He has not argued, much less shown, that he was prevented from filing a state writ or federal petition earlier. Petitioner has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition should be deemed untimely.

### III. EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

### IV. RECOMMENDATION

The Court should find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 5th day of January, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE